IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CYNTHIA TOMPKINS and CHARLES TOMPKINS, | § § § | |
| _Plaintiffs,_ | § § | |
| v. | § § | CIVIL ACTION NO: 3:23-cv-00057 |
| SCOTTSDALE INDEMNITY COMPANY, | § § § | |
| _Defendant._ | § | |

## NOTICE OF REMOVAL

Defendant Scottsdale Indemnity Company ("Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned _Cynthia Tompkins and Charles Tompkins. v. Scottsdale Indemnity Company_; Cause No. 23-CV-0181; In the 122nd Judicial District of Galveston County, Texas.

## I.
## BACKGROUND

1.     Plaintiffs Cynthia Tompkins and Charles Tompkins (hereinafter "Plaintiffs") initiated the present action by filing their Original Petition in Cause No. 23-CV-0181; In the 122nd Judicial District of Galveston County, Texas on February 2, 2023 (the "State Court Action").  _See_ Plaintiffs' Original Petition, attached as **Exhibit A**.

2.     Defendant appeared and answered on February 23, 2023, asserting a general denial to the claims and allegations made in Plaintiffs' Original Petition.  _See_ Defendant's Original Answer, attached as **Exhibit B**.

3.     Pursuant to 28 USC § 1446(a) all a copy of all process, pleadings, and orders served upon Defendant in the State Court Action are incorporated in **Exhibit A**.  Pursuant to Local Rule

81, a full copy of the state court file has been requested and will be filed upon receipt. Pursuant to Southern District of Texas Local Rule 81.(4), the State Court Action docket sheet is attached as **Exhibit C.**

4.    Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiffs through its attorney of record, and to the clerk of the 122nd Judicial District Court of Galveston County, Texas.

5.    Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendant of Plaintiffs' Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

6.    This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.**    **Diversity of Parties**

7.    Plaintiffs are domiciled in Galveston County, Texas.[1]  Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiffs are citizens of the State of Texas.

8.    Scottsdale Indemnity Company is a corporation organized under the laws of Ohio and maintains its principal place of business in Arizona.  Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Scottsdale is a citizen of the State of Ohio and Arizona.

---

[1]    *See* Exhibit A, Plaintiffs' Original Petition with Citation, at ¶ 2.

9.      Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B.      Amount in Controversy**

10.      It is facially apparent from Plaintiffs' live petition that the amount in controversy in this case exceeds $75,000 rendering removal proper. Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."[2] Removal is proper if it is "facially apparent" from the complaint that the claims asserted exceed the jurisdictional amount.[3] If it is not thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy.[4]

11.      Here, Plaintiffs seek "monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs." **Exhibit A**, Plaintiffs' Original Petition, at ¶ 5. However, Plaintiffs sent a pre-suit demand letter in which they claimed actual damages of $47,990.99, and $143,972.97 for damages for bad faith, violations of the insurance code, and attorney's fees and interest. **Exhibit D**, Plaintiffs' January 16, 2023 demand letter at p. 2-3.   Plaintiffs further seeks compensation for actual damages, treble damages, exemplary damages, attorney's fees, pre- and post-judgment interest. **Exhibit A**, Plaintiffs' Original Petition, at ¶¶ 60-70. Plaintiffs have alleged that Defendant's conduct was wrongful and done knowingly, entitling them to a trebling of actual damages under Texas Insurance Code Chapter 541.  *See* **Exhibit A,** ¶ 48; Tex. Ins. Code sections 541.002 & 541.152.  Penalties, exemplary

---

[2]      28 U.S.C. § 1446(c)(2); *see also Santiago v. State Farm Lloyds*, No. 7:13-CV-83, 2013 WL 1880845, at *1 (S.D. Tex. May 3, 2013).

[3]      *Puckitt v. Wells Fargo Bank, N.A.*, No. G-09-0056, 2010 WL 2635626, at *3 (S.D. Tex. June 28, 2010) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

[4]      *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003).

damages, and attorneys' fees are included as part of the amount in controversy.[5]  The threshold

for diversity jurisdiction, $75,000, is therefore met by the evidence and allegations contained in

Plaintiffs' presuit demand letter and Original Petition.

12.     The amount in controversy plainly exceeds $75,000, exclusive of interest and

costs. *See* **Exhibit A**.  Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b)

is satisfied.

### III.
### CONCLUSION

13.     Removal of this action under 28 U.S.C. § 1441 is proper as the district courts of the

United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all

requirements for removal under 28 U.S.C. § 1446 have been met.

14.     WHEREFORE, Defendant Scottsdale Indemnity Company hereby provides notice

that this action is duly removed.

*(Signatures on following page.)*

---

[5]     *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

Respectfully submitted,

/s/ Patrick M. Kemp
Patrick M. Kemp
Texas Bar No. 24043751
Southern District No. 38513
pkemp@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Ave., Ste. 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEY-IN-CHARGE FOR DEFENDANT
SCOTTSDALE INDEMNITY COMPANY**

OF COUNSEL:

Robert G. Wall
Texas Bar No. 24072411
Southern District No. 1117137
rwall@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Ave. Ste. 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served electronically via CM/ECF and Certified Mail this the 23rd day of February, 2023 to:

Michael E. Cooper                              *#9414 7266 9904 2178 2276 59*
Shaun W. Hodge
The Hodge Law Firm, PLLC
The Historic Runge House
1301 Market St.
Galveston, Texas 77550
mcooper@hodgefirm.com
shodge@hodgefirm.com

/s/ Patrick M. Kemp
Patrick M. Kemp